UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

ANTHONY GRIFFIN                                                        PLAINTIFF

v.                                                CIVIL ACTION NO. 1:12CV-P195-R

ROGER WOMACK et al.                                     DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Anthony Griffin, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.[1] This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff, a federal pretrial detainee at the Warren County Regional Jail (WCRJ), sues the WCRJ and Southern Health Partners, Inc. (SHP), and, in their individual and official capacities, the following WCRJ employees: Correction Officer Roger Womack; Captain William Baker; and Chief Deputy Misse Edmonds. He alleges that on October 30, 2012, from 7:45 am to 9:30 am, Defendant Baker and another officer locked him and other inmates out of their cells resulting in Plaintiff having to sit on the floor "which cause[d] an already inflicted back and hip injury that was done by Southern Health Partners" apparently on September 10, 2012. He states that "Lt. Whitaker, Baker, Edmonds along with Womack has subjected me and others in my pod with unnecessary rigor and harsh strict or severe treatment that presented a substantial risk of

---

[1] Although Plaintiff states in his complaint that this is "a 1983 U.S.C. Bivens [*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971)] action filed by Anthony Griffin a Federal pre-trial detainee," because he is suing county officials, not persons who acted under color of federal law, his claims are governed by § 1983.

serious injury or harm for which there was no justification for." He alleges that his Fourth and Fourteenth Amendment rights were violated by an illegal search and seizure. He also states, that on November 1, 2012, from 9:30 am to 10:50 pm he and other inmates were locked out of their cells with "no showers, no personal supplies, no toilet paper or soap to wash our hand before we ate."

Plaintiff further alleges, "Cap. Baker inflicted serious physicological [sic] damage on me by defamation of character by demonstrating that he is a racist as he shouted racial slurs . . . ." He also alleges that Defendant Baker threatened to use his taser while Defendant Womack searched Plaintiff inappropriately, groped him, grabbed his crotch and penis and looked at his penis as three other officers watched and nine other inmates were in view. He alleges that the medical staff has harassed and assaulted him and denied him medical attention for pain caused by the staff. He also alleges denial of due process in the grievance procedure. He further alleges the torts of assault, battery, negligence, physical and emotional abuse, and defamation. Plaintiff asks for monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Claims against WCRJ and official-capacity claims***

Plaintiff sues the WCRJ.  WCRJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983.  *Compare Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983).  In this situation, it is Warren County that is the proper defendant.  *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself).  Further, Warren County is a "person" for purposes of § 1983.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  The Court will therefore construe the claims against WCRJ as brought against Warren County.  Similarly, the claims against the named officers of WCRJ in their official capacities are considered to be brought against Warren County.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct

issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404

4

(1997) (indicating that plaintiff must demonstrate "deliberate conduct"). Here, Plaintiff has not identified a policy or custom of Warren County resulting in the alleged constitutional violations. Consequently, the claims against WCRJ and its employees in their official capacities will be dismissed.

*Claims against SHP*

A private corporation, like Southern Health Partners, "is not liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of respondeat superior." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996). The complaint does not allege that a policy or custom of SHP was the moving force behind any constitutional violations. Consequently, the claims against Defendant SHP will likewise be dismissed.

*Individual-capacity claims*

1. *Claim regarding being locked out of cell*

Plaintiff claims that on October 30, 2012, from 7:45 am until 9:30 am Defendant Baker and another officer locked Plaintiff and other inmates out of their cells. He also alleges that on November 1, 2012, he was locked out of his cell from 9:30 am until 10:50 pm and during that time he was "eating and sleeping on the floor in which these c/o's and her knew I got a medical stomach mesh implant"; it also resulted in Plaintiff having to sit on the floor "which cause[d] an already inflicted back and hip injury that was done by Southern Health Partners." He further alleges that during the lockout from 9:30 am until 10:50 pm on November 1, 2012, there were

"no showers, no personal supplies, no toilet paper or soap to wash our hand before we ate."

For a pretrial detainee like Plaintiff, "[d]ue process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment." *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979). The Cruel-and-Unusual-Punishments Clause does not apply to pretrial detainees. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (*abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). However, pretrial detainees are shielded from cruel and unusual punishment by the Due-Process Clause of the Fourteenth Amendment, which provides similar if not even greater protection than the Cruel-and-Unusual-Punishments Clause. *Id.*

The Eighth Amendment prohibits a punishment that violates civilized standards of decency or reflects unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). A viable Eighth Amendment claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires that the pain be sufficiently serious within the context of "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotation marks and citation omitted). The subjective component requires a plaintiff to show that the defendant acted with deliberate indifference to the inmate's health or safety, *i.e.*, the plaintiff must show that prison officials had a "sufficiently culpable state of mind," where the officials were aware of and disregarded an excessive risk to an inmate's health or safety. *Farmer*, 511 U.S. at 834 (internal quotation marks and citation omitted).

First, since it has been held that requiring prisoners to sleep on the floor does not violate the Eighth Amendment, it must follow that Plaintiff's complaint about having to sit on the floor

6

for less than two hours one day and for 13 and one-half hours another day does not rise to the level of a constitutional violation.  *See Schroeder v. Kaplan*, No. 93-17123, 1995 WL 398878, at *2 (9th Cir. July 7, 1995) (requiring prisoner to sleep on floor for a four-week period without use of mattress does not violate the Eighth Amendment); *Bodman v. Dennis*, No. 1:11-cv-600, 2011 WL 3739033, at *7 (W.D. Mich. Aug. 24, 2011) (finding that having to sleep on the floor for eight days does not implicate the Eighth Amendment).

Moreover, Plaintiff does not allege that any injury occurred because he sat on the floor. The Court is not sure what Plaintiff means by his statement that sitting on the floor "cause[d] an already inflicted back and hip injury that was done by Southern Health Partners." Here, reading Plaintiff's complaint liberally, at best it appears that Plaintiff alleges that having to sit on the floor aggravated "an already inflicted back and hip injury." The Sixth Circuit has repeatedly found Eighth Amendment claims for monetary relief precluded by 42 U.S.C. § 1997e(e) absent a showing of physical injury.  *See Jennings v. Weberg*, No. 2:06-CV-235, 2007 WL 80875, at *3 (W.D. Mich. Jan. 8, 2007) (collecting cases).  The physical injury need not be significant, but it must be more than *de minimis* for an Eighth Amendment claim to proceed.  *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).  There is nothing in Plaintiff's complaint to suggest that if he did suffer injury by being required to sit on the floor it was anything other than *de minimis*.  *See Jarriett v. Wilson*, 162 F. App'x 394, 401 (6th Cir. 2005) (finding *de minimis* injury where a prisoner complained that his legs were swollen, he suffered pain while standing, and he had severe cramps in his thighs when trying to sit); *Siglar*, 112 F.3d at 193 (5th Cir. 1997) (finding that prisoner who alleged that he had a bruised ear for three days did not meet § 1997(e) standard).

During the longer lockout, Plaintiff alleges that he was denied certain hygiene items like soap and toilet paper. The denial of basic hygiene items may give rise to an Eighth Amendment claim but not in so short a time as the approximately 13 and one-half hour lockout on November 1, 2012. *See*, *e.g.*, *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) ("Courts have not found the objective component satisfied where the deprivation of hygiene items was temporary."); *Matthews v. Murphy*, No. 90–35458, 1992 WL 33902, at *4 (9th Cir. Feb. 25, 1992) (noting that while "it has been held that 'the eighth amendment forbids deprivation of the basic elements of hygiene,'" the deprivation of a towel, toothbrush, toothpowder, comb, soap, and other personal hygiene items for approximately 34 days did not rise to the level of an Eighth Amendment violation); *Crump v. Janz*, No. 1:10-cv-583, 2010 WL 2854266, at *4 (W.D. Mich. July 19, 2010) (holding complaint failed to plead an Eighth Amendment violation where inmate asserted "lack of deodorant, toothbrushes, toothpaste, postage, typing and carbon paper, and legal envelopes for 35 days"); *Gilland v. Owens*, 718 F. Supp. 665, 685 (W.D. Tenn. 1989) ("Short term deprivations of toilet paper, towels, sheets, blankets, mattresses, toothpaste, toothbrushes and the like do not rise to the level of a constitutional violation."). Accordingly, the claims Plaintiff alleges arising from being locked out of his cell will be dismissed.

*2. Claim regarding illegal search and seizure and denial of medical attention*

Plaintiff simply states in a conclusory manner that he was illegally searched and subjected to an illegal search and seizure. Plaintiff also alleges conclusorily that various correctional officers "along with the medical staff has harassed and assaulted me and denial of medical attention for the pain caused by this staff." Some factual basis for each claim must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The

Court is not required to accept conclusory and unsupported statements. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). Plaintiff has not provided any factual basis for these claims. As such, these claims will be dismissed.

    *3. Claim regarding being groped*

Plaintiff alleges that on November 1, 2012, Defendant Womack conducted a search while Defendant Baker "threaten to use his taser as he had his hand on the trigger." Plaintiff states, "[w]hile Womack was searching me he inappropriately groped me, and grab my crocth [sic] and penis and look at my penis as the other 3 c/o's watched and the 9 other inmates in this pod saw this."

"Minor, isolated incidents of touching . . . do not rise to the level of an Eighth Amendment violation." *Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320 (6th Cir. 2012) (*citing Boddie v. Schnieder*, 105 F.3d 857, 859-61 (2d Cir. 1997)); *see also Young v. Poff*, No. 04-CV-320, 2006 WL 1455482, at *4 (W.D.N.Y. May 22, 2006) (holding that a single groping incident did not amount to an Eighth Amendment violation); *see also Jackson v. Madery*, 158 F. App'x 656, 661-62 (6th Cir. 2005) (holding that allegation of rubbing and grabbing of prisoner's buttocks in a degrading manner did not amount to an Eighth Amendment violation). This claim will be dismissed for failure to state a claim.

    *4. Claim regarding grievance procedure*

Plaintiff alleges "violation of the Due Process Clause in denying me due process in connection with the grievance proceedings of the 14th Amendment to the Constitution of the U.S." He states elsewhere in his complaint that Defendant Baker and other officers will not give him a grievance form when he asks.

An inmate grievance procedure within the prison system is not constitutionally required. *See United States ex rel. Wolfish v. Levi*, 439 F. Supp. 114, 163 (S.D.N.Y. 1977), *aff'd sub nom*, *Wolfish v. Levi*, 573 F.2d 118 (2nd Cir. 1978), *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S. 520 (1979); *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986); *O'Bryan v. Cnty. of Saganaw*, 437 F. Supp. 582, 601 (E.D. Mich. 1977). If the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right. *Spencer*, 638 F. Supp. at 316. Because Plaintiff has no right to an effective grievance procedure, *Ishaaq v. Compton*, 900 F. Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991), a failure to follow the grievance procedures does not give rise to a § 1983 claim. *Id.*; *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Thus, Plaintiff's claim relating to the lack of an adequate grievance procedure must be dismissed.

*5. Claim regarding racial slur*

Plaintiff alleges that Defendant Baker inflicted serious damage when "he shouted racial slurs." Plaintiff's allegation regarding Defendant Baker's racial slurs does not rise to the level of a constitutional violation. The Sixth Circuit has held that harassing or degrading language by a prison official, although unprofessional and despicable, does not amount to a constitutional tort. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Searcy v. Gardner*, Civil No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). This claim will be dismissed

as well.

*6. State-law claims*

Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims.  *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's complaint.

Date:


cc: Plaintiff, *pro se*
 Defendants
 Warren County Attorney
4413.009